UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS MALDONADO,<br><br>                 Petitioner,<br>    v.<br><br>DREW BOSTOCK, et al.,<br><br>                 Respondents. | CASE NO. 2:23-CV-00760-LK-BAT<br><br>ORDER DEFERRING STIPULATED MOTION TO DISMISS |

This matter comes before the Court on the parties' Stipulated Motion to Dismiss. Dkt. No. 14. To contextualize its ruling, the Court provides some background information.

Petitioner Carlos Maldonado, a native of Honduras, was detained by the Department of Homeland Security, Customs and Border Protection ("DHS" and "CBP") when he entered the United States without permission in April 2022. Dkt. No. 8-6 at 2. CBP agents "apprehended" Maldonado about a quarter mile east of the Andrade, California port of entry. *Id.*; *see also* Dkt. No. 8-3 at 2 (Notice to Appear alleging that Maldonado entered the United States "at or near" San Luis, Arizona). United States Immigration and Customs Enforcement ("ICE") thereafter reinstated a prior removal order against Maldonado and exercised its discretion to detain him pending

1   removal. Dkt. No. 1 at 4; *see* 8 U.S.C. § 1231(a)(5), (a)(6). And, following reinstatement of that
2   order, an asylum officer determined that Maldonado possesses a credible fear of persecution or
3   torture in Honduras. Dkt. No. 8-2 at 2. DHS accordingly referred Maldonado to an Immigration
4   Judge ("IJ") for initiation of "withholding-only proceedings." *Id.*; Dkt. No. 7 at 3; *see Johnson v.*
5   *Guzman Chavez*, 141 S. Ct. 2271, 2282–83 (2021) (detailing procedure at this stage).

6         The record is unclear as to what transpired during the withholding-only proceedings.
7   Neither Maldonado's habeas petition nor his motion for a temporary restraining order supply that
8   information. *See* Dkt. No. 1 at 4–5; Dkt. No. 7 at 3–4. He instead sprints ahead to February 2023,
9   when ICE rescinded the reinstated removal order and issued a Notice to Appear. Dkt. No. 1 at 5;
10  Dkt. No. 7 at 3–4. According to Maldonado, at this point the statutory basis for his detention shifted
11  from Section 1231 to Section 1226—a conclusion bolstered, he says, by ICE's February 14, 2023
12  Notice of Custody Determination, which grounds his detention in Section 1226. Dkt. No. 1 at 5;
13  Dkt. No. 7 at 4; *see* Dkt. No. 8-4 at 2 (Notice of Custody Determination).

14        Maldonado, with the assistance of counsel, appeared for a bond hearing before an IJ on
15  April 25, 2023. Dkt. No. 1 at 5; Dkt. No. 7 at 4; Dkt. No. 9 at 1. Although the IJ concluded that
16  Maldonado poses no danger to the community and is not a flight risk, she denied bond "based on
17  lacking jurisdiction to set bond in his case." Dkt. No. 9 at 1.[1] Maldonado unsuccessfully moved
18  for a bond redetermination. In denying his request, the IJ concluded that Maldonado was detained
19  under Section 1225(b)(2)(A) as an "applicant for admission" because he was present in the United
20  States but had not been admitted. Dkt. No. 8-6 at 2–3; *see* 8 U.S.C. § 1225(a)(1). This distinction
21  is critical because Section 1225(b)(2) mandates detention for the duration of removal proceedings,
22  *see Jennings v. Rodriguez*, 138 S. Ct. 830, 845 (2018), while non-citizens held under Section

---

[1] No recording or transcript of the bond hearing were created. *Id.*; *see* Dkt. No. 1 at 5; Dkt. No. 7 at 4.

ORDER DEFERRING STIPULATED MOTION TO DISMISS - 2

1226(a) "may request a bond hearing before an IJ at any time before a removal order becomes final," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

The IJ accordingly found that she lacked jurisdiction to redetermine Maldonado's bond. Dkt. No. 8-6 at 4–5. And of particular note here, she reasoned that Section 1225(b)(2)'s mandatory custody provisions control over Section 1226(a)'s permissive custody provisions, "which apply to a different class of non-citizens—those who have previously been admitted to the United States and have subsequently become removable." *Id.* at 4; *see Jennings*, 138 S. Ct. at 846 (Section 1226 "applies to [non-citizens] already present in the United States"); *Florida v. United States*, __ F. Supp. 3d __, No. 3:21-CV-1066-TKW-ZCB, 2023 WL 2399883, at *26–27 (N.D. Fla. Mar. 8, 2023) (holding that Section 1225(b)'s "specific mandatory language" trumps Section 1226(a)'s "general permissive language";  that DHS may not initiate an inspection under Section 1225(b) and then later shift detention to Section 1226(a); and that Section 1226(a) is not triggered unless an arrest warrant is issued for the non-citizen).

Maldonado appealed the IJ's bond determination to the Board of Immigration Appeals. Dkt. No. 7 at 4; *see* Dkt. No. 8-7 (notice of appeal). This appeal remains pending. He also filed a habeas petition in federal district court challenging his continued detention without bond. Dkt. No. 1 at 3 ("Mr. Maldonado requests that a bond amount be established immediately so that he can be released from custody."). A motion for emergency injunctive relief soon followed. In that motion, Maldonado asks the Court to order his "immediate release, or in the alternative, a bond hearing within ten days where the government must justify any continued detention." Dkt. No. 7 at 2.

The parties have since reached an apparent agreement. On June 14, 2023, they filed a stipulated motion to dismiss Maldonado's petition without prejudice and without fees or costs to either party. Dkt. No. 14 at 2. But their motion contains an important caveat: the parties also "request that the Court order the IJ to hold a bond hearing pursuant to 8 U.S.C. § 1226(a) using

the standards set forth in *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), within 14 days of the issuance of the order." *Id.* The Court rejects this request. The parties provide no legal basis or authority for reversing the IJ's bond determination. That is, after all, the practical effect of the relief they seek—relief that is not properly sought in a stipulation of dismissal.

The parties are of course free to voluntarily dismiss these habeas proceedings. But the Court declines to grant their request for substantive relief embedded in the motion to dismiss, and instead requires (1) a proper vehicle for awarding the relief requested, such as a motion other than a motion to dismiss; and (2) a sufficient legal basis supporting the requested relief. Accordingly, the parties have until June 30, 2023 to file a joint motion, not to exceed 6,300 words, supplying that legal basis.

The parties' Stipulated Motion to Dismiss is DEFERRED. Dkt. No. 14. If the Court does not timely receive a joint motion regarding the requested bond hearing, it will grant in part the stipulated motion to dismiss and deny the parties' request for a bond hearing.

Dated this 16th day of June, 2023.

*Lauren King*

Lauren King
United States District Judge